**CITY OF UNION, Plaintiff-Respondent,**

v.

**William & Lucille JULIUS,**
**Defendants-Appellants.**

No. 49865.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 28, 1986.

Motion for Rehearing and/or Transfer
Denied March 11, 1986.

Application to Transfer Denied
April 15, 1986.

C. Clifford Schwartz, Clayton, for defendants-appellants.

Mark S. Vincent, Union, for plaintiff-respondent.

SNYDER, Judge.

Defendant appeals from a judgment granting plaintiff City of Union a permanent injunction which prohibited defendant from maintaining her property in its existing condition. She argues that the City had an adequate remedy at law under the city ordinances and therefore the trial court had no jurisdiction to order the eq-

uitable remedy of injunction. The judgment is affirmed.

Appellant owns real property located at 214 Grandview Avenue, City of Union, Missouri. She uses this property as her residence and has also used this property in the past for business purposes.

In May 1982, appellant and her since deceased husband received a notice from the City of Union's Chief of Police notifying them that the condition of their property constituted a nuisance.

On May 18, 1982 the Board of Health in Union heard the matter and then issued an order stating that the weeds, brush and debris on the property constituted a nuisance. The Board ordered the nuisance abated by permanently removing all of the items in the front, rear and side yards, by cutting the long grass, weeds and brush and by maintaining the residence in a neat and orderly manner. The Board ordered the nuisance abated by June 14, 1982, but appellant disregarded the order.

On June 24, 1982, the City filed a petition in the Franklin County Circuit Court seeking to enjoin the maintenance of a health hazard and public nuisance. The petition alleged that defendants had not complied with the May 18, 1982 order of the Union Board of Health.

The cause was heard on December 11, 1984. The City based its action upon violation of city ordinances § 13–34 and § 17–29 and public nuisance. The allegations in paragraph ten of the petition pertaining to the condition of appellant's property as a blight in the neighborhood were removed from consideration by agreement of both parties, and the parties agreed that an action would not lie for purely aesthetic considerations. The trial court permanently enjoined appellant from maintaining conditions as they exist on her property. The judgment specifically listed actions required to abate the nuisance.

■ Appellant raises three issues. The first point alleges that the trial court erred in granting equitable relief because the plaintiff had an adequate remedy at law and therefore the trial court lacked jurisdiction. Appellant asserts that because there were City of Union ordinances relating to the subject matter of the alleged nuisance, it should have proceeded against appellant based on violation of the ordinances rather than by seeking injunctive relief. The point is denied.

It is true that as a general rule of law a court of equity will not interfere when an adequate remedy at law exists. *Superior Press Brick Co. v. City of St. Louis*, 155 S.W.2d 290, 294 (Mo.App.1941).

The City had no adequate remedy at law, however. Ordinance § 17–29 did not provide such a remedy because it only addressed the nuisance as caused by weeds and grass 12″ high or more, and not the cardboard storage boxes, wooden items, out-buildings, metal objects and vehicle that are mentioned in the trial court's judgment. The City's prosecution pursuant to § 17–29 would not provide complete relief from the nuisance and therefore no adequate remedy at law exists.

In addition, the City followed its Ordinance § 11–5 for abatement of nuisances by notifying defendant of the condition alleged to be a nuisance, holding a hearing before the Board of Health, and allowing defendant a reasonable time to comply with the Board's determination. Even after the Board of Health ordered the nuisance abated, defendant failed to act. For this reason, the remedy at law proved inadequate.

As support for its position, the City cites *City of Kansas City v. Mary Don Company*, 606 S.W.2d 411 (Mo.App.1980). In *Mary Don*, Kansas City sought injunctive relief ordering defendant to abate violations of the city ordinances at numerous residential rental properties defendant owned. The defendant failed to abate the violations upon notice and hearing. The city's alternative to injunctive relief was continuous multiple prosecutions in municipal court. The appellate court ruled that

equitable relief in the form of a mandatory injunction was proper. *Id.* at 415.

The Western District Court distinguished *Mary Don* from *City of Independence v. DeWitt*, 550 S.W.2d 840 (Mo.App.1977), cited by defendant, in two respects: 1) in *Mary Don* the City pleaded that it had pursued its administrative and legal remedies to no avail and 2) in *Mary Don* the underlying facts pleaded as ordinance violations may also be deemed to plead the maintenance of a public nuisance. *Mary Don, supra* at 416 fn. 1. In *DeWitt* there was no showing of a proceeding to enforce legal remedies.

Appellant asserts that the City of Union should have proceeded under Section 17–29 of the city ordinances. The pertinent part of this ordinance empowers the police chief to notify owners of property "to cut down and have off, or burn up, all such weeds and vegetation as are found growing in the streets opposite said property as shall be by ordinance required to be cut down, and if necessary, cause the same to be done at the expense of the owner of said premises and collect the cost thereof by a special tax bill as provided by ordinance." Proceeding under § 17–29 would have solved the weed problem, but not the public nuisance caused by the other items on the premises.

The City in the case under review pursued its administrative remedies, but to no avail because defendant did not comply with the Board of Health's order. In addition, the ordinance violation pertaining to the tall grass also constituted a public nuisance because the grown up brush created a breeding ground for rats, mice, insects and other vermin causing a health hazard. The tall grass and weeds on the property were only one of several types of items the City alleged to constitute a nuisance on defendant's property. The grass and weeds are the only element of the nuisance regulated by city ordinance. Even when the city attempted to abate the nuisance by order of the Board of Health defendant failed to comply. Therefore, the legal remedy is woefully inadequate.

The trial court did not err when it exercised equitable jurisdiction. Defendant's first point on appeal is denied.

Defendant's second point on appeal alleges that the trial court erred because its permanent injunction order fails to "clearly and specifically describe the acts and things enjoined." Defendant argues that the order merely enjoins defendant from "maintaining conditions as they exist."

■ The trial court's judgment and permanent injunction lists eight findings of fact and conclusions of law. This court finds it describes the acts enjoined with sufficient particularity. The injunction order is clear, definite and precise in its wording.

To raise this issue on appeal suggests one of two things: either appellant's counsel failed to read the injunction order carefully or this point on appeal borders on the frivolous. The point is without merit.

■ Appellant finally alleges that the trial court erred and abused its discretion because the injunctive relief granted was not supported by substantial evidence. Appellant argues that the City failed to prove the existence of present and continuing health and fire hazards.

The City called as a witness Dr. Richardson, a Union physician, who testified about the condition of appellant's property. Dr. Richardson gave his opinion based on his own personal observation that the condition of the property constituted a health hazard. This evidence was before the trial court for its consideration.

The trial court can draw all reasonable inferences from the evidence and base its judgment on those inferences. *School District of Springfield R–12, ex rel. Midland Paving Co. v. Transamerica Insurance Co.*, 633 S.W.2d 238, 242 (Mo.App.1982). This court reviews the trial court's decision based on the standard of review articulated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Substantial evidence supported the injunction order. It was not against the weight of the evidence, and

there was no erroneous declaration or application of the law.

The judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.